**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MYRNA MELENDEZ, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>-against-<br><br>R.W. GARCIA CO. INC.,<br><br>*Defendant.* | Case No.: _____<br><br>**NOTICE OF REMOVAL**<br><br>Removed from:<br><br>Supreme Court of the State of New York, New York County, Index No.: 158797/2024 |

**DEFENDANT R.W. GARCIA CO., INC'S NOTICE OF REMOVAL**

**TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

**PLEASE TAKE NOTICE THAT** Defendant R.W. Garcia Co., Inc. ("R.W. Garcia" or "Defendant") files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1453, and Local Civil Rule 81.1, and remove to this Court the above-entitled action from the Supreme Court of the State of New York, County of New York, and all claims and causes of action asserted therein. This action is a purported class action where the named plaintiff and defendant are citizens of different states, the purported class contains over 100 members, and the amount in controversy would exceed $5 million. In accordance with 28 U.S.C. §1446(a), set forth below is a statement of the grounds for removal.

**I.    BACKGROUND**

1.    On September 23, 2024, Plaintiff filed the complaint (the "Complaint") in the Supreme Court of the State of New York, New York County, styled as *Myrna Melendez, individually and on behalf of all others similarly situated, v. R.W. Garcia Co. Inc.,* Index No. 158797 (the "State Court Action").

2.      Plaintiff purports to represent a putative class of "[a]ll persons in New York who purchased the Products in New York during the statutes of limitations for each cause of action alleged." (Compl. ¶ 65.)

3.      Ms. Melendez served a copy of the summons and complaint upon Defendant R.W. Garcia Co., Inc. on November 12, 2024.

4.      In accordance with 28 U.S.C. § 1446(a) and Local Civil R. 81.1, a true and correct copies of all process, pleadings and orders filed in the Supreme Court of the State of New York, County of New York to date are attached:

   a.  Attached hereto as **Exhibit A** is a true and correct copy of the Summons dated September 23, 2024, NYSCEF Doc No. 1.

   b.  Attached hereto as **Exhibit B** is a true and correct copy of the Complaint dated September 23, 2024, NYSCEF Doc No. 2.

   c.  Attached hereto as **Exhibit C** is a true and correct copy of Plaintiff's Affirmation of Compliance BCL 307, and its exhibits A–D, dated December 11, 2024, NYSCEF Docs. 4–7.

   d.  Attached hereto as **Exhibit D** is a true and correct copy of Defendant's General Denial and Affirmation of Service, dated December 11, 2024.

## II.    JURISDICTION AND VENUE

5.      This is a civil action over which this Court has jurisdiction pursuant to 28 U.S.C. § 1332 (a) & (d) (for diversity of citizenship and under the Class Action Fairness Act, ("CAFA")). (*See*, *infra*, Section III.)

6.      Venue is proper in this Court because this Court embraces the County of New York where the underlying state court action was filed. 28 U.S.C. § 1441(a).

## III.   GROUNDS FOR REMOVAL

7.     Any civil action "of which the district courts of the United States have original jurisdiction" that is initially brought in state court may be removed to the local federal district court. 28 U.S.C. § 1441(a).

8.     This action is removable under 28 U.S.C. § 1332 (a) because the amount in controversy exceeds $75,000; and (b) the parties are citizens of different states. *See* 28 U.S.C. § 1332; *see also Lincoln Property Co. v. Roche*, 546 U.S. 81, 84 (2005) ("Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State."); *see also* Compl. ¶¶ 51–52 (alleging that Plaintiff is a citizen of New York and R.W. Garcia Co., Inc. is a citizen of Nevada).

9.     This action is also removable pursuant to CAFA, which provides that district courts of the United States "have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000 exclusive of interest and costs, and is a class action in which. . . any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2). Each of these requirements is met.

### I.     The Amount in Controversy Exceeds $5 million

10.     The amount in controversy exceeds $5 million. The amount in controversy is based on the relief a plaintiff theoretically could obtain if he was successful on all his claims. *Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 648 (9th Cir. 2012). For purposes of 28 U.S.C. § 1332(d)(6), the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.

11.    Although Plaintiff's claims are meritless in all respects, in determining the amount in controversy, "a court must assume that the allegations in the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Id.* (citing *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)); *see also Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir. 2015) ("Even when defendants have persuaded a court upon a CAFA removal that the amount in controversy exceeds $5 million, they are still free to challenge the actual amount of damages in subsequent proceedings and at trial. This is so because they are not stipulating to damages suffered, but only estimating the damages that are in controversy.").

12.    A notice of removal pursuant to CAFA need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84, 87-89 (2014); *Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 964 (9th Cir. 2020) (holding that "defendant's notice of removal [pursuant to CAFA] 'need not contain evidentiary submissions' but only plausible allegations of jurisdictional elements") (internal quotation marks omitted).

13.    Here, the putative class is defined as "[a]ll persons in New York who purchased the Products in New York during the statutes of limitations for each cause of action alleged." (Compl. ¶ 65.) Plaintiff and the putative class seek actual damages, full restitution, punitive damages, attorneys' fees and costs, and prejudgment interest. (*Id.* ¶ 75.) Based on the company's sales and the amount of attorney's fees it would take to obtain such relief, all of which are considered in determining the amount in controversy (*Canesco v. Ford Motor Co.*, 570 F.Supp.3d 872, 903 n.19 (S.D. Cal. 2021) ("[T]he Court finds it well established that courts should consider attorneys fee's recoverable by statute when calculating the amount in controversy")), the amount in controversy exceeds $5,000,000, and certainly exceeds $75,000.

## II.      This Case is a Class Action under CAFA

14.      This case qualifies as a class action under CAFA. The term "class action" means "any civil action under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." *Id.* § 1332(d)(1). Plaintiff's claims meet this definition because she purported to bring this action as a class action and seeks to represent individuals other than herself. (Compl. ¶¶ 65–77.)

## III.      Diversity Exists

15.      Diversity also exists. R.W. Garcia Co. is a citizen of Nevada. Plaintiff and putative class representative, Myrna Melendez, alleges that she is a citizen of New York. (Compl. ¶¶ 40–41.) Plaintiff's residential address is 155 E 116th St., New York, NY 10029. (Summons at pp. 1)

## IV.      REMOVAL IS TIMELY

16.      This Notice is filed with the Court within thirty days after R.W. Garcia Co. was served the Complaint, in accordance with 28 U.S.C. § 1446(b). *See also Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 119 S. Ct. 1322 (1999).

## V.      ALL PROCEDURAL REQUIREMENTS HAVE BEEN MET

17.      Pursuant to 28 U.S.C. § 1446(a), copies of the pleadings are attached as **Exhibits A–D**.

18.      Promptly after filing this Notice of Removal in the United States District Court for the Central District of California, R.W. Garcia Co. will provide written notice thereof to Plaintiff and will file a copy of the Notice of Removal bearing this Court's "FILED" stamp with the Clerk of the Supreme Court of the State of New York for the County of New York, to

effectuate the removal of this action to the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. §1446(d).

## VI.     RESERVATION OF ALL AVAILABLE RIGHTS AND DEFENSES

19.     All rights are reserved, including, but not limited to, defenses and objections as to venue and personal jurisdiction and the right to move for dismissal of the Complaint for, *e.g.,* failure to state a claim for relief and failure to sue the appropriate parties. The filing of this Notice of Removal is subject to, and without waiver of, any such defenses and objections.

20.     Defendant also reserves the right to amend or supplement this Notice of Removal.

## CONCLUSION

WHEREFORE, Defendant R.W. Garcia Co., Inc. hereby removes this case from the Supreme Court of the State of New York, Nassau County to this Court.

Dated:  New York, New York
        December 12, 2024                           Respectfully Submitted,

                                                    */s/ Amelia Hritz*
                                                    Amelia Hritz, Esq.
                                                    David Kwasniewski, Esq.*
                                                    **BRAUNHAGEY & BORDEN LLP**
                                                    118 W 22nd Street, 12th Floor
                                                    New York, NY 10011
                                                    Telephone: (646) 829-9403
                                                    Facsimile: (646) 403-4089
                                                    hritz@braunhagey.com

                                                    *Pro Hac Vice Forthcoming*
                                                    *Attorneys for Defendant R. W. Garcia Co.,*
                                                    *Inc.*

## **CERTIFICATE OF SERVICE**

I, Amelia Hritz, hereby certify that this document was filed via the Court's CM/ECF

system on December 12, 2024, and that a copy of this document was served upon the Plaintiff

electronically and via overnight mail at the address listed in the Complaint:

Spencer Sheehan, Esq.
Sheelan & Associates P.C.
60 Cuttermill Road, Ste 412
Great Neck NY 11021
New York, NY 10011
Telephone: (516) 268-7080
Facsimile: (516) 234-7800
spencer@spencersheelan.com


*/s/ Amelia Hritz*
Amelia Hritz